**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4088**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ROBERT JAMES CRISP,

            Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Statesville.    Richard L. Voorhees, District Judge.   (5:05-cr-00258-RLV-CH-2)

Submitted: December 13, 2011        Decided: December 27, 2011

Before MOTZ, GREGORY, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Charles R. Brewer, Asheville, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Richard Lee Edwards, Assistant United States Attorney, Asheville, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Robert James Crisp appeals his conviction and resulting 168-month custodial sentence. A jury found Crisp guilty of participating in a conspiracy to manufacture and possess with intent to distribute methamphetamine in violation of 21 U.S.C. §§ 841(b)(1)(A), 846 (2006). We affirm.

Crisp first appeals the district court's denial of his motion for a new trial without an evidentiary hearing. We review a district court's decision to deny an evidentiary hearing in connection with a new trial motion for an abuse of discretion. United States v. Smith, 62 F.3d 641, 651 (4th Cir. 1995). To grant a new trial based on newly discovered evidence, a court usually must find the existence of all five of the following elements: (1) that the evidence was in fact discovered after trial; (2) that the facts alleged permit the court to infer diligence on the part of the movant; (3) that the newly discovered evidence is more than merely cumulative or impeaching; (4) that the newly discovered evidence is material to the issues involved; and (5) that the newly discovered evidence is of such a nature that it is likely to produce an acquittal at a new trial. United States v. Robinson, 627 F.3d 941, 948 (4th Cir. 2010). New evidence that bears only on the credibility of a witness "does not generally warrant the granting of a new trial," but "[t]here may be an exceptional

2

'rare case' that would justify granting a new trial solely on the basis of impeachment evidence." United States v. Custis, 988 F.2d 1355, 1359 (4th Cir. 1993).

Here, the district court found that Crisp's new trial motion satisfied only the first two elements. We find that the affidavits supporting Crisp's motion drew only a tenuous connection between the alleged misconduct in the investigation and the testimony at Crisp's trial. Multiple witnesses testified to Crisp's direct involvement in the manufacture of methamphetamine and none of those witnesses volunteered to recant their testimony. Without a more direct nexus between the alleged misconduct and Crisp's conviction, we conclude that the district court did not abuse its discretion in declining to hold an evidentiary hearing on Crisp's new trial motion.[*]

Crisp mounts several challenges to the district court's evidentiary rulings. "We review a trial court's rulings on the admissibility of evidence for abuse of discretion, and we will only overturn an evidentiary ruling that is arbitrary and irrational." United States v. Cole, 631 F.3d 146, 153 (4th Cir. 2011) (internal quotation marks omitted). Relevant evidence is

---

[*] To the extent that Crisp argues on appeal that the Government violated its duty to turn over favorable evidence as required by Brady v. Maryland, 373 U.S. 83 (1963), we are not persuaded.

3

generally admissible. Fed. R. Evid. 402. Relevant evidence is that which has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Under Fed. R. Evid. 404(b), evidence of other crimes, wrongs, or acts of a defendant is admissible for limited purposes. Rule 404(b) "is understood to be a rule of inclusion," and permits the admission of evidence of other crimes or acts except that which tends to prove only criminal disposition. United States v. Queen, 132 F.3d 991, 994-95 (4th Cir. 1997). For Rule 404(b) evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable." United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004). In addition, acts intrinsic to the crime charged are not excluded by Rule 404(b). United States v. Chin, 83 F.3d 83, 87-88 (4th Cir. 1996). Acts are intrinsic to the charged offense if they are "inextricably intertwined" with it, are part of a single criminal incident, or are necessary preliminaries to the charged offense. Id. at 88. Like all relevant evidence, evidence otherwise admissible under Rule 404(b) "may be excluded if its probative value is substantially

4

outweighed by the danger of unfair prejudice," confusion, or needless delay. Fed. R. Evid. 403.

Crisp appeals the district court's rulings permitting testimony regarding his involvement with using and distributing cocaine. We do not find that such evidence was unfairly prejudicial or improperly admitted. The testimony chronicled Crisp's entrée into the conspiracy; as such, it was intrinsic to the charged offense.

Crisp also appeals the district court's rulings admitting a photographic exhibit and alleged hearsay testimony. Testimony sufficiently linked the photograph to the conspiracy to support its entry into the record. The alleged hearsay was either admissible as co-conspirators' statements under Fed. R. Evid. Fed. R. Evid. 801(d)(2) or was harmless against the backdrop of the quantum of testimony directly linking Crisp to the methamphetamine conspiracy.

Crisp lastly raises three challenges to the district court's Guidelines calculations at his sentencing hearing. We review a sentence under a deferential abuse of discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007). We assess the procedural reasonableness of the sentence by ensuring that the district court committed no significant procedural errors such as failing to calculate or improperly calculating the Guidelines range. United States v. Boulware, 604 F.3d 832,

837-38 (4th Cir. 2010). "As a matter of procedure, the district court must begin its sentencing proceeding 'by correctly calculating the applicable Guidelines range. . . . [T]he Guidelines should be the starting point and the initial benchmark.'" United States v. Hernandez, 603 F.3d 267, 270 (4th Cir. 2010) (quoting Gall, 552 U.S. at 49).

We first review the district court's imposition of the firearm enhancement pursuant to U.S. Sentencing Guidelines Manual ("USSG") § 2D1.1(b)(1) (2006). Testimony established that Crisp aided in the manufacture of methamphetamine in an outbuilding and that a rifle hung over the door of the outbuilding. We do not find that the district court abused its discretion in finding that the rifle was accessible and in plain view during Crisp's participation in the manufacture of methamphetamine. Moreover, Crisp has failed to demonstrate a clear improbability that the firearm was connected to the offense.

We similarly uphold the district court's imposition of a three offense level enhancement for the creation of a substantial risk of harm to human life or the environment. Crisp claims that no such enhancement existed in the 2006 Guidelines. He is incorrect; the enhancement is found at USSG § 2D1.1(b)(8)(B).

Finally, we review the district court's approximation of the drug quantity attributable to Crisp for Guidelines purposes for clear error. <u>United States v. Carter</u>, 300 F.3d 415, 425 (4th Cir. 2002). The court's drug quantity finding was supported by testimony of multiple trial witnesses detailing the fruits of the methamphetamine conspiracy; thus, we find no clear error.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid in the decisional process.

<u>AFFIRMED</u>